# IN THE COURT OF APPEALS OF IOWA

No. 23-0840
Filed December 4, 2024

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**CARLOS DANIEL MEJIA,**
 Defendant-Appellant.
_____

 Appeal from the Iowa District Court for Woodbury County, James N. Daane, Judge.

 Carlos Mejia appeals his convictions for attempted murder, intimidation with a dangerous weapon, and willful injury. **AFFIRMED.**

 Jack Bjornstad of Jack Bjornstad Law Office, Spirit Lake, for appellant.

 Brenna Bird, Attorney General, and Katherine Wenman, Assistant Attorney General, for appellee.

 Considered by Badding, P.J., Langholz, J., and Doyle, S.J.*

 *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**DOYLE, Senior Judge.**

Carlos Mejia appeals after a jury found him guilty of attempted murder, intimidation with a dangerous weapon with intent, and willful injury causing serious injury. He challenges the denial of his motion seeking to limit evidence of his drug use. Because the evidence provided necessary context, including Mejia's motive for shooting the victim, and the probative value is not outweighed by the danger of unfair prejudice, the district court did not abuse its discretion in denying Mejia's motion in limine.

A jury found Mejia guilty of all three charges after Mejia shot his former coworker, Genevieve, in his home in March 2022. Mejia admitted that Genevieve helped him buy methamphetamine several times. Mejia gave Genevieve money for methamphetamine, and Genevieve acted as an intermediary by purchasing and delivering the methamphetamine to Mejia. The last time Genevieve went to collect Mejia's money to buy methamphetamine for him, Mejia shot her after she entered his house. According to Genevieve, Mejia accused her of hurting him in the past, yelled at her to get out of his house, and shot her as she tried to run. In contrast, Mejia claimed that Genevieve entered his home with a kitchen knife to rob him. He claimed that she had ripped him off several times before and put bleach in the methamphetamine she delivered.

Before trial, Mejia moved in limine to exclude prior bad acts evidence, including "[a]ny evidence of [Mejia]'s . . . use of drugs prior to or following the dates of the charged incidents," and he asked to redact portions of his videotaped interview with law enforcement in which he discussed drug use. The district court

denied the motion as it related to the history of drug-related transactions between Mejia and Genevieve, finding the transactions provided relevant context:

> It is essentially undisputed that this incident involved an illegal drug transaction between [Mejia] and Genevieve at [Mejia]'s home, and that it was the last in a series of such transactions between the two. There is no way to explain the instant interaction between the two that resulted in the injury to Genevieve than to discuss this transaction history and the relationship upon [which] it was based. Two of the three crimes charged against [Mejia] require specific intent, and it would be unfairly prejudicial to the state to limit the evidence that had a direct bearing on the jury's evaluation of his state of mind when he, admittedly, shot Genevieve. Accordingly, the portion of [Mejia]'s motion that seeks to exclude his history of direct exchanges with Genevieve at his home, and the manner in which they occurred, must be denied as the relevance of his relationship with Genevieve is essential in determining their respective motives, opportunities, intent, preparation, plans, knowledge, identity and absence of mistake or accident.

The court noted that if the shooting arose out of an argument that was unrelated to Genevieve procuring methamphetamine for Mejia, the relevance of their drug use would have "far less probative value" and would more likely be excluded. But because Mejia harbored "hard feelings" toward Genevieve from past incidents in which she obtained methamphetamine for him, the court found the evidence of those past dealings was probative of how the shooting occurred. It also found that evidence was admissible to show Genevieve's work relationship with Mejia,

> their intervening friendship and falling out, that [Mejia] allegedly used Genevieve to "middle" for him, and that Genevieve had allegedly ripped him off in the past by taking money and not delivering drugs and by putting bleach in his delivery in order to make more money by reducing the amount of methamphetamine she was actually delivering to him.

> After the trial, a jury found Mejia guilty as charged. The district court sentenced Mejia to twenty-five years in prison for attempted murder, and ten years

in prison for intimidation and willful injury. The court ordered Mejia to serve the sentences concurrently.

On appeal, Mejia contends the district court erred by denying his motion to limit evidence of his prior bad acts relating to his drug history. Because the determination of whether prior-bad-acts evidence should be admitted is "a judgment call on the part of the trial court," we review Mejia's claim for an abuse of discretion. *State v. Rodriquez*, 636 N.W.2d 234, 240 (Iowa 2001). "An abuse of discretion occurs when a district court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Mulatillo*, 907 N.W.2d 511, 518 (Iowa 2018). "A ground or reason is untenable when it is not supported by substantial evidence or when it is based on an erroneous application of the law." *State v. Hoyman*, 863 N.W.2d 1, 7 (Iowa 2015) (citation omitted). If the district court abused its discretion, we reverse only if the evidence prejudiced the defendant. *See State v. Putman*, 848 N.W.2d 1, 7 (Iowa 2014).

Relevant evidence is admissible. *See* Iowa R. Evid. 5.402. Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action "more or less probable than it would be without the evidence." Iowa R. Evid. 5.401. But relevant evidence of other crimes, wrongs, or acts is inadmissible "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Iowa R. Evid. 5.404(b)(1). Such evidence may be admitted for other purposes, "such as proving motive, opportunity, [and] intent." Iowa R. Evid. 5.404(b)(2). The question is whether "it is probative of some fact or

element in issue other than the defendant's general criminal disposition." *State v. Nelson*, 791 N.W.2d 414, 425 (Iowa 2010).

We agree that the evidence regarding Mejia's drug history is relevant. Mejia and Genevieve provided vastly different explanations as to what happened on the day of the shooting. The past incidents of Genevieve procuring methamphetamine for Mejia and his belief that she ripped him off or diluted the methamphetamine with bleach provides needed context for the shooting. On that basis, it is probative of Mejia's motive.

Mejia claims that the probative value is substantially outweighed by the danger of unfair prejudice. *Nelson*, 791 N.W.2d at 425 ("If the court determines the evidence is relevant to a legitimate issue in dispute, the court must determine whether the probative value of the other crimes, wrongs, or acts evidence is substantially outweighed by the danger of unfair prejudice to the defendant."). He argues that his history as someone who purchased, possessed, and used methamphetamine caused the jury to base its decision on emotion and an instinct to punish rather than on evidence of his guilt. *See Putman*, 848 N.W.2d at 14 (stating that evidence is unfairly prejudicial if it has an undue tendency to suggest a decision on an emotional basis). In determining whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, courts should consider

> the need for the evidence in light of the issues and the other evidence available to the prosecution, whether there is clear proof the defendant committed the prior bad acts, the strength or weakness of the evidence on the relevant issue, and the degree to which the fact finder will be prompted to decide the case on an improper basis.

*Nelson*, 791 N.W.2d at 425 (citation omitted). The probative value of the drug evidence is high because the State needed the evidence to show Mejia's motive and intent in shooting Genevieve. *See id.* at 426 (holding that evidence showing the defendant was dealing crack cocaine was relevant to motive and intent in prosecution for first-degree murder and not substantially outweighed by danger of unfair prejudice). Any potential for unfair prejudice is diminished because the evidence shows both Mejia and Genevieve were involved with methamphetamine. *See State v. McNeal*, 897 N.W.2d 697, 708 (Iowa 2017) (holding evidence that both the defendant and victim of assault used drugs diminished the potential prejudice to the defendant and "helped provide an explanation for the assault"). Because the evidence's probative value is not outweighed by the danger of unfair prejudice, the district court did not abuse its discretion in admitting it. We therefore affirm Mejia's convictions.

**AFFIRMED.**